### MARY H. LONG ET AL. v. WILLIE RICHARDSON ET AL.

Decided April 16, 1901.

1.—**Estates of Decedents—Appointment of Temporary Administrator—Appeal to District Court.**

From an order of the county judge refusing to appoint a temporary administrator and dismissing the application therefor, an appeal may be taken to the district court.

2.—**Same—Appointment by District Judge in Vacation—Receiver.**

Where the district court has acquired jurisdiction by appeal from an order of the county judge refusing to appoint a temporary administrator, the district judge has authority, in vacation, to appoint a receiver of the estate upon proper showing therefor, and to confer on him such powers as may be necessary to preserve the property of the estate until the appeal can be heard and determined, and it is immaterial that the receiver is denominated a temporary administrator.

3.—**Same—Conflicting Jurisdiction of Courts.**

Under Revised Statutes, article 1844, where two courts have concurrent jurisdiction of an estate, the one in which application for letters testamentary or of administration thereon is first made is entitled to the exclusive jurisdiction. See case where the statutory rule is applied as between an application for letters in the county of the decedent's residence, and the subsequent appointment by the court of another county of a receiver for the joint estate of the decedent and his former wife, made in connection with a suit and administration of the latter's estate in such other county.

Appeal from Van Zandt. Tried below before Hon. J. G. Russell.

*Crawford & Crawford, Cockrell & Gray,* and *D. G. Wooten,* for appellants.

*J. C. Kearby,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—This is an appeal from an order made by the Hon. J. G. Russell, Judge of the Seventh Judicial District, on the application of the appellees, a motion made by the appellants to vacate and set aside the order having been overruled.

At the request of the parties Judge Russell filed a statement of the case, together with his conclusions of fact and law, which reads as fol-

lows: "On the 3d day of December, 1900, there was presented to me, as judge of the Seventh Judicial District of Texas, in chambers, at Quitman, Texas, a petition by Willie Richardson and John M. McCoy praying for equitable relief and for a writ of injunction. The said petition in substance contained the following allegations, to wit:

"1. That S. Q. Richardson, a citizen of Van Zandt County, Texas, departed this life in said county and State on the 29th day of October, 1900, leaving surviving him said Willie Richardson as his surviving wife, and one child aged 3 years named Willie McCoy Richardson, the issue of said marriage, and that the said S. Q. Richardson died seized of an estate of the probable value of $50,000 or more, consisting principally of real estate situated in Van Zandt County, a small part being in Dallas County, Texas.

"2. That on the 20th day of October, 1900, the said S. Q. Richardson made, executed and delivered his last will and testament while sound in mind and memory, with all the forms and conditions and requirements of the law; that by the terms of said will, Willie Richardson and her said child were made the sole legatees of said estate, with the exception of a bequest of $500 to each of four married daughters; that in said will John M. McCoy is nominated and appointed the executor of said estate without bond and with full power to carry out the expressed wishes of the said testator as contained in said will, and also as guardian of the minor child, Willie McCoy Richardson, and that it is further provided in said will that the probate court should take no further jurisdiction of said estate than to probate said will.

"3. That on the 20th day of November, 1900, John M. McCoy filed with the clerk of the probate court of Van Zandt County his personal application in writing to have said will admitted to probate, alleging his willingness to accept the executorship of said will; that he was not disqualified from any cause whatever from accepting and acting as such executor; that said probate court meets the first Monday in January, 1901, and said application will be heard.

"4. That on the 22d day of November, 1900, Willie Richardson, for herself and in behalf of her minor child, and for and on behalf of the said John M. McCoy, filed with the clerk of the probate court of Van Zandt County her petition for temporary letters of administration on the estate of said S. Q. Richardson, and asking that John M. McCoy be appointed temporary administrator, and waiving her right as surviving wife in favor of said John M. McCoy, but if the court should be unwilling to appoint said McCoy, then she claimed her prior and legal right to such appointment. She alleged in said application that there was considerable personal estate belonging to said estate liable to waste and requiring immediate care; that there was a large amount of rents falling due, and that it was necessary that some one be authorized to receive and collect the same or they would be lost to said estate; she further alleged that the children of S. Q. Richardson by a former marriage had

threatened to contest said will, and for this purpose had employed counsel, and were engaging in the preparation of an attack on said will, hunting up testimony and arranging to contest the probate of same. That the persons claiming to be heirs of said S. Q. Richardson and seeking to set aside said will are the defendants herein, to wit: Mrs. Mary J. Long, Mrs. Sallie Fielder, Mrs. Dora Spaulding, Mrs. Fannie Shadden, joined pro forma to their husbands. She further alleged that said contest of will would involve protracted litigation, and that it was necessary that there should be appointed some legal representative of said estate to preserve, car for, and proprly look after the same.

"5. It was further alleged that one Mary J. Richardson, the first and former wife of S. Q. Richardson, died testate in Dallas County, Texas, on or about the 16th day of March, 1896. That prior to her death, on the 30th day of December, 1895, she made, executed, and delivered her last will and testament, whereby and wherein she bequeathed her entire estate, real and personal, to her husband, the said S. Q. Richardson. She nominated and appointed S. Q. Richardson executor, without bond, and wished the probate court to have nothing whatever to do with her said estate further than the probate of her said will. That after her death, to wit, on the 25th day of May, 1896, and after hearing the evidence, said will was admitted to probate and declared to be the last will of Mary J. Richardson by the probate court of Dallas County, and the said S. Q. Richardson, as sole legatee, took possession of said estate and continued to hold same up to the time of his death.

"6. That thereafter, to wit, on the 29th day of December, 1899, Mrs. M. R. Norman, as plaintiff, with S. Q. Richardson and the other defendants, defendants herein, as defendants therein, filed her suit in the County Court of Dallas County, asking that the order and judgment of the probate court of Dallas County admitting to probate the will of Mrs. Mary J. Richardson be set aside and annulled. That thereafter, to wit, on the 23d day of November, 1900, the said Mrs. M. R. Norman, by amended petition filed in said suit in the County Court of Dallas County, asked and prayed the court to appoint a receiver of the estate of Mrs. Mary J. Richardson and S. Q. Richardson, and administer said two estates through a receiver in said court. That no notice of said motion was given or served on Willie Richardson, her child Willie McCoy Richardson, or the said John M. McCoy, but said amendment, without being filed with the clerk of said court, was secretly presented in chambers to the county judge of Dallas county, who, in chambers and without any notice whatever, and without said Willie Richardson or her said child being in any manner made a party to the said suit of Mrs. M. R. Norman v. S. Q. Richardson, made its order appointing C. A. Rasberry as receiver of said estates upon his entering into bond in the sum of $10,000, with full power to take into his possession all the property effects and estate of the said Mary J. and Sam Q. Richardson and to hold the same to abide the further order of said court, and said court further issued its writ of injunction enjoining and restraining Willie Richardson, her child, John

M. McCoy, their agents, attorneys, employes, etc., from in any manner interfering with said receiver or meddling or having anything whatever to do with said estates or their properties, which said order was served on Willie Richardson on the 29th day of November, when she appeared before the probate court of Van Zandt County, asking to be appointed temporary administrator of the estate of her husband, and she was then and there threatened with contempt proceedings if she or the said McCoy should attempt to further proceed in the matter of said estate, or should refuse to surrender to said receiver all property of every character whatever in her possession, or that of the said McCoy; that the said C. A. Rasberry is a citizen of Dallas County, Texas; that under said pretended order he has taken possession of a large part of said estate and holds the same now; that he has demanded the possession of all property, consisting of lands, the homestead and personal property, consisting of everything, horses, cattle, wagons, hogs, notes, buggies, and all effects in the possession of Willie Richardson belonging to said estate, and thereby leaving her and her child homeless, penniless, and in absolute destitution and want. That the said C. A. Rasberry, through his attorneys, acting with the other defendants herein named, appeared before the probate court of Van Zandt County and urged said judge to deny letters of temporary administration on the estate of S. Q. Richardson to the end that said Rasberry might, under said order, acquire possession of said estate and administer the same in Dallas County, to further the ends of the defendants. And the said defendants, and the said Rasberry, by his said attorneys, so far influenced the said county judge as to induce him to refuse to appoint a temporary administrator for said estate and dismiss the application therefor.

"8. That it appears by the order appointing the said Rasberry receiver of said estate, and by the indorsements on the papers therein filed, that his appointment was had by consent of all the parties to said suit interested in the subject matter, but that said recitals are false and untrue, and were made to deceive and impose upon the jurisdiction of the County Court of Dallas County, Texas; that Willie Richardson and her said minor child are the only parties having any interest whatever in said estate, and they nor either of them were parties to said proceedings, or had any notice whatever of the same, and did not agree to the appointment of a receiver; that each and every one of the defendants in said suit were fully paid their distributive shares or interest in both of said estates by the said S. Q. Richardson, and each and all of them executed to the said S. Q. Richardson during his lifetime full releases and acquittances for all their right, title, and interest in and to the estate of Mary J. Richardson. That the said Mrs. M. R. Norman has received from the said S. Q. Richardson and Mary J. Richardson sums of money and property largely in excess of any distributive share she is now or ever has been entitled to, even though the said Mary J. and S. Q. Richardson had died without making any testamentary disposition of their property. That the property now in hand is and was the separate

estate of the S. Q. Richardson and the community property of the said
S. Q. and Willie Richardson.

"9. The County Court of Dallas County has no jurisdiction of the
person of Willie Richardson and her minor child, nor has it any juris-
diction of the subject matter, to wit, the estate of S. Q. Richardson.
That the matters involved in this controversy are largely in excess of
$1000, and that the County Court has no jurisdiction of the subject
matter.

"10. That Willie Richardson, on the 29th day of November, 1900,
appeared before the probate court of Van Zandt County and asked to be
appointed temporary administrator of the estate of her said husband,
waiving her right only in favor of John M. McCoy; that all the facts set
out in her said application were proven or admitted; that in addition
it was shown there was pending in Dallas County, Texas, the suit of
Mrs. M. R. Norman v. S. Q. Richardson et al.; that the estate of S. Q.
Richardson has no representative to look after said litigation. That
the county judge, sitting in probate, refused to appoint the said John
M. McCoy or Willie Richardson temporary administrator of the said
estate and dismissed her said application. That thereupon petitioner
gave notice of appeal to the District Court of Van Zandt County, and
perfected her said appeal to the District Court by filing the papers
therein and having said cause docketed in said court.

"Upon said bill and application I made an order that John M. McCoy
be appointed temporary administrator of the estate of said S. Q. Richard-
son, and I empowered him to take charge of, hold, and preserve the same
pending the probate of said will, and until my further order, and also
authorizing him to collect debts due to the estate, sell any of its personal
property liable to waste, complete any unfinished buildings necessary to
be completed, and in general to do such things as might be necessary to
preserve said estate. I also issued a restraining order enjoining the
said C. A. Rasberry mentioned in the foregoing bill of Willie Richard-
son et al., as well as his agents and attorneys, from in any way interfer-
ing with John M. McCoy as temporary administrator of S. Q. Richard-
son's estate. Said orders were conditioned upon said McCoy giving
bond, and said Rasberry was notified to appear before me in Longview,
in Gregg County, the 14th day of December, 1900, and show cause why
the aforesaid temporary restraining order should not be made perpetual.

"On the aforesaid 14th day of December, 1900, said Rasberry, in
answer to said rule to show cause, appeared before me at Longview by
motion to vacate the order aforesaid made by me at Quitman, Texas,
said motion being based on the following grounds: (1) That the order
made by me at Quitman was an attempt to exercise appellate jurisdic-
tion over the act of the county judge of Van Zandt County in refusing
to appoint a temporary administrator of the estate of S. Q. Richardson,
and that neither the District Court of this district nor the presiding
judge thereof have any appellate jurisdiction over the refusal of said
county judge to grant the said temporary administration, it being a

question solely within his discretion. (2) That if the District Court could acquire such appellate jurisdiction, its authority must be exercised as a court in regular session at the courthouse in Canton, and that the order made by me at Quitman was therefore a nullity. (3) That the judge of this court, in the proceedings at issue, was wholly without power and utterly without jurisdiction to enjoin the said C. A. Rasberry, as receiver under the appointment given him by the County Court of Dallas County, from exercising any of the powers or doing any of acts enumerated in the order of the county judge of Dallas County appointing him such receiver. This motion of said Rasberry was joined in by all the defendants in this controversy. The whole question at issue was submitted to me upon said motion to vacate, and after argument had, I, at the request of the counsel in the case, filed my opinion embracing findings of fact and conclusions of law.

"It appears from the record before me that Mary J. Richardson was the first wife of S. Q. Richardson; that they two possessed a community estate worth about $100,000; that Mary J. Richardson died in Dallas County on the 16th day of March, 1896; that she left a will by which she bequeathed and devised all of her estate of every kind to her husband, S. Q. Richardson, absolutely; that she also made him executor in said will, and that said instrument was an "independent will;" that this will of Mary J. Richardson was duly filed for probate in the County Court of Dallas County, and said court, on the 26th day of May, 1896, rendered judgment establishing said will and admitting it to probate, and investing said S. Q. Richardson with all the powers of an "independent executor," and formally recognizing his right as the sole legatee and devisee under said will. S. Q. Richardson thereupon took possession of all said community estate and held and controlled it until his death undisturbed.

"On the 29th day of December, 1899, Jennie Norman, a child of Mary J. Richardson, filed in the County Court of Dallas County a petition to set aside the will of Mary J. Richardson and annul the probate thereof. In this action, which she caused to be placed on the civil docket in said County Court, she joined as the defendants S. Q. Richardson and all the children of the S. Q. Richardson and her mother, Mary J. Richardson. Said suit is still pending, and no judgment has ever been made therein. S. Q. Richardson, the surviving husband, married again. He died in Van Zandt County on the 29th day of October, 1900. At his death he left surviving him his second wife and one child by her, as well as the children by his first marriage. He left a will disposing of all his estate, and by the terms of that will he devised all his estate to his second wife, Willie Richardson, and his daughter by his second wife, Willie McCoy Richardson, except certain legacies and bequests in money to the children of his first marriage. The value of his estate is not less than $50,000.

"At the time of his death S. Q. Richardson was a citizen of Van Zandt County. He was a resident citizen of that county when he made his

will, and had so resided there for some time before his death. The larger portion of his estate is situated in Van Zandt County. By the terms of his will S. Q. Richardson appointed John M. McCoy his executor.

"On the 20th day of November, 1900, the said executor John M. McCoy filed the said will of S. Q. Richardson, together with a petition asking for its probate, in the County (probate) Court of Van Zandt County, and legal notice was duly issued. On the 22d day of November, 1900, the surviving wife of S. Q. Richardson filed an application with the county judge of Van Zandt County, alleging that it was necessary for the protection and preservation of the estate of S. Q. Richardson that temporary administration be granted thereon until his will could be admitted to probate; that the probate court would not convene until January, 1901, and she asked that the executor of the will, John M. McCoy, be appointed temporary administrator, or, if that could not be done, that she be appointed. The county judge set said application for hearing on November 28, 1900.

"On the 23d day of November, 1900, Jennie Norman made an application in chambers to the county judge of Dallas County, asking for the appointment of a receiver of the estate of Mary J. Richardson and S. Q. Richardson. In this application she called the attention of the county judge of Dallas County to the fact that she was prosecuting a suit in the County Court of Dallas County to annul the probate of Mary J. Richardson's will, and she alleged that since the death of Mary J. Richardson, S. Q. Riichardson had sold and disposed of large portions of said community estate, and largely converted it into notes and money. That under the terms of the will of S. Q. Richardson, his wife Willie Richardson and his executor would attempt to control and manage said estate. That Mrs. Willie Richardson was insolvent; that the probate of S. Q. Richardson's will would be contested, and that therefore the right of John M. McCoy to control said property would be called in question; that much of the property of which S. Q. Richardson died possessed was revenue bearing, much of it personal property and liable to waste, and that a necessity existed for the appointment of a receiver to take charge of the same. This application of Jennie Norman was joined in and consented to by Emma McCullough, Sallie Fielder, Fannie Shadden, Dora Spaulding, Mary Long, Elizabeth Ridgill, and Martha E. O'Hara. Each of these consenting parties were defendants in the suit of Jennie Norman to annul the probate of Mary J. Richardson's will. Each of them, for valuable considerations by them each received, had executed and delivered to S. Q. Richardson deeds of release to all interest they had in the estate of S. Q. Richardson and in the community estate of S. Q. Richardson and Mary J. Richardson.

"At the time this application for a receiver was made, all parties thereto had notice that said S. Q. Richardson's will had been filed for probate in the County Court of Van Zandt County, and there is strong

·reason to convince me that they knew of the aforesaid application for a
·temporary administrator of S. Q. Richardson's estate. ·

"On November 28, 1900, the county judge of Van Zandt County
heard the application for temporary administration on the estate of S.
Q. Richardson. That application was contested by the defendants
herein. The county judge of Van Zandt County refused said applica-
tion, and made an order dismissing it. The applicant appealed to the
District Court of Van Zandt County, and immediately perfected the
appeal and brought the transcript of all the proceedings in said applica-
tion for temporary administration before me with their suit by original
petition herein before referred to. Upon an inspection of said record
and a consideration of said original petition, I made the order at Quit-
man mentioned in this opinion.

"It may be further stated that I am utterly unable to understand why
a temporary administration of the estate of S. Q. Richardson was re-
fused by the county judge of Van Zandt. He manifestly had the power
to appoint a temporary administrator, and the condition of said estate,
as disclosed by the allegations made by all the parties, imperatively de-
manded the exercise of that power.

"Conclusions of Law.—It is contended that the appointment made by
me of John M. McCoy to be temporary administrator was void and
should be vacated and revoked, because the refusal of the county judge
to appoint a temporary administrator was not an order from which an
appeal could be taken. Counsel for contestants assert that the power
to appoint temporary administrators is a sole and exclusive discretion
of the county judge; that the Legislature has made a marked distinction
between the act of the *county judge* in this regard and the orders of the
*county judge* sitting in probate; that from the latter appeals may be
taken, while the act of the former is not reversible by any other tribunal.
Articles 1930, 1931, and 1934, Revised Statutes, 1895, speak of the ap-
pointments of temporary administrators by the county judge. Article
1935 refers to the appointment as being done by the "order of the
court." Thus it would seem that the Legislature, in chapter 7, title 39,
Revised Statutes, used these terms interchangeably.

"Article 2225, Revised Statutes, 1895, gives the right of appeal to
the district court to any person who may consider himself aggrieved by
any decision, order, decree, or judgment of the county court. But it is
said that this does not give the right of appeal from the order of the
county judge in cases like this, though one may be thereby aggrieved
never so grievously. This seems to me to be an entirely too narrow con-
struction.

"Our courts have held that the object had in view in the enactment
of our probate law was to create a complete system, sufficient within
itself to meet all emergencies and afford to all complete relief. Certainly
the system would be exceedingly deficient if no appeal could be had from
an arbitrary order of the county judge which would inflict great loss on

an estate. Take the case before me, for example. The pressing neces-- sity for some one to take immediate charge of the estate left by S. Q. Richardson is admitted on all sides. Its best interests suggest it. Its protection and safe keeping demands it. Application is made to the county judge of Van Zandt County to appoint a temporary administrator for these purposes. His right to do so is unquestioned. He, in a final judgment on that application, refused to appoint a temporary adminis- trator and dismissed the application. The district court ought to be open to an appeal in this case, unless that right of appeal is clearly denied by law. Article 1841, Revised Statutes, 1895, provides: 'The district court shall have appellate jurisdiction and general control in probate matters over the county court established in each county for the probat- ing of wills, granting letters testamentary and of administration, set- tling the accounts of executors and administrators, and for the transac- tion of business pertaining to estates.' The appointment of temporary administrators is certainly 'business appertaining to estates.' The final title to the Revised Statutes declares that said statutes shall constitute the law of this State respecting the subjects to which they relate, and the provisions thereof shall be liberally construed with a view to effect their object and to promote justice. If our probate laws and statutes regard- ing the powers and jurisdiction of our courts are read in the light of this simple, just rule of construction, I feel sure that one who has been ag- grieved by the action of the county judge in refusing to appoint a tem- porary administrator is afforded the right of appeal to the district court from such an order.

"But it is seriously contended by counsel that if the right of appeal does exist, that the matter can only be heard and determined by the district judge at a regular term of his court, duly organized, in the county to which the appeal is returnable. I do not think this position is tenable. If it were so, the right of appeal would be of no avail. It would be granting the shadow while withholding the substance. Here is an estate going to waste. Its owner died in the midst of unfinished business enterprises. He owed debts, and large sums of money are due him. His estate consists of real estate for which rents are continually accruing; personal property, liable to be wasted and destroyed; money liable to be squandered and misappropriated; promissory notes liable to be converted improperly. To leave this estate uncared for means its loss, and consequently great injury to heirs and creditors. An applica- tion is made by the surviving wife to the county judge of the county having jurisdiction of the estate to appoint a temporary administrator. He refuses to appoint the applicant or anyone else temporary adminis- trator, and dismisses the application. The applicant has the right of appeal and does appeal to the District Court. The appeal is perfected and the record filed with the district clerk. The District Court will not meet in that county in regular session for five months. And can it be said that this appeal, allowed by law, can not be heard until then, and that the distressing condition of affairs which made it necessary to

apply for the temporary administration originally must continue until the regular session meets. Surely, if this be the rule, then both the bench and bar of Texas have no foundation for their belief that law is the perfection of human reason.

"In this connection I desire further to suggest that the subject matter of this controversy is before me, not only by said appeal, but by the original bill in equity referred to at the beginning of this opinion. In that bill, in my judgment, sufficient facts are exhibited to authorize the order I made. If I am in error in the conclusions I have asserted relative to the right of appeal from the order made by the county judge, then, surely, as a chancellor, I am empowered to grant this relief contained in the order made at Quitman. In that order I called John M. McCoy 'temporary administrator,' but we are not to be concerned as to what I have named this office. The question is, have I conferred upon him unlawful powers? The last clause of section 8, article 5, of the State Constitution provides that 'the district court shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution.' Article 1106, Revised Statutes, 1895, says that, 'Subject to the limitations contained in this chapter (chapter 3, title 28), the district court is authorized to hear and determine any cause which may be cognizable by courts, either of law or equity, and to grant any relief which could be granted by said courts or either of them.'

"Now if it be true that there is no appeal from the order of the county judge refusing to appoint an administrator, and that therefore the applicant had no remedy provided by law, then certainly, when she presented me her original bill in equity setting out the facts stated therein, my power to grant the relief under the sections of the Constitution and laws above stated was complete.

"The remaining question is, was my authority exceeded in the injunction granted against C. A. Rasberry. I do not desire to stop here to discuss the power of the county judge of Dallas County to appoint a receiver in a probate case further than to say that in my opinion the law authorizing the appointment of temporary administrators is intended to take the place of the equitable jurisdiction to appoint receivers.

"It will be observed that C. A. Rasberry, as receiver, is only enjoined from interfering with John M. McCoy as temporary administrator of the estate of S. Q. Richardson. None of the other powers attempted to be conferred on him by the county judge of Dallas County are interfered with by the order I made. If I had the right and power to appoint McCoy, it necessarily follows that I have the right to protect him in the exercise of the functions delegated to him.

"Now, it is admitted that S. Q. Richardson had a domicile and fixed place of residence in Van Zandt County at the time of his death, and that he had so resided there for some years before his death; that the principal part of his property was and is situated in Van Zandt County, and that he died in Van Zandt County. Under these facts,

where was the jurisdiction to administer his estate? In Van Zandt County, certainly. Rev. Stats 1895, art. 1843.

"Again, the record before me shows that the will of S. Q. Richardson was filed for probate in Van Zandt County, November 20, 1900, and that application for letters testamentary was then made by McCoy to the probate court of Van Zandt County. That the application for temporary administration was made in Van Zandt County, November 22, 1900, and that the county judge of Dallas County did not appoint Rasberry receiver until November 23, 1900, after the jurisdiction of the County Court of Van Zandt County had attached.

"Article 1844, Revised Statutes, says: 'When two or more courts have concurrent jurisdiction of an estate, the court in which application for letters testamentary or of administration thereon is first filed shall have and retain jurisdiction of such estate, to the exclusion of such other court or courts.'

"This provision of law denied to the Dallas County judge the power to appoint Rasberry receiver of the estate of S. Q. Richardson. His appointment was therefore void, and the injunction against him was properly granted.

"The views herein expressed lead me to the following conclusions of law:

"1. That Willie Richardson had the right of appeal from the order of the county judge of Van Zandt County refusing to appoint a temporary administrator and dismissing her application.

"2. That I had the right to hear said appeal and appoint a temporary administrator in vacation.

"3. That the bill in equity exhibited facts which authorized and empowered me to make the order I made at Quitman, Texas, on December 3, 1900.

"4. That the action of the county judge of Dallas County appointing C. A. Rasberry receiver of the estate of S. Q. Richardson is void, and that the injunction heretofore issued is proper.

"I therefore order and decree that the aforesaid order of December 3, 1900, made by me in this behalf be in all things upheld and confirmed, and that the injunction heretofore served upon said C. R. Rasberry be made permanent, and I retain the right to make such further orders herein as may be right and necessary."

The above statement and the foregoing conclusions of fact are approved and adopted. Without entering upon a discussion of the many legal questions suggested by the record, we will say that, in our opinion, the order of the county judge refusing to appoint a temporary administrator and dismissing the application therefor, was such an order as could be appealed from. The District Court having acquired jurisdiction of the matters involved on the appeal, the district judge had authority, in vacation, upon the showing made by the appellees, to appoint a receiver of the estate and to confer on him such powers as were neces-

sary to preserve the property of the estate until the appeal could be heard and determined. It is immaterial that the receiver was denominated a temporary administrator. Hardware Co. v. Stove Co., 88 Texas, 486.

The judgment is affirmed.

*Affirmed.*